IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| GNC FRANCHISING, LLC, et al.<br>          Plaintiffs, | ) <br> ) <br> ) <br> ) |
| v. | )     Civil Action No. 05-1341 <br> ) |
| SOHAIL KHAN, et al.<br>          Defendants. | ) <br> ) <br> ) <br> ) |

MEMORANDUM and ORDER

Gary L. Lancaster,
District Judge.                              December 16, 2006

     This is an action in breach of contract.  Plaintiffs, GNC
Franchising, LLC and General Nutrition Corporation, allege that
defendants Sohail Khan, Saleem Khan, and Chaudhry Brothers
Corporation, breached their franchise agreements with GNC, and
owe them more than $1.6 million as a result.  Plaintiffs seek
recovery of the outstanding payments.  Defendants contend that
plaintiffs are the ones who have breached the franchise
agreements by favoring company-owned GNC stores, and deliberately
preventing franchisees from succeeding.  This case is just one in
a parade of similar lawsuits in this court between GNC and its
franchisees.

     Plaintiffs have filed a motion for judgment on the
pleadings seeking judgment on defendants' counterclaims [doc. no.
30].  Plaintiffs contend that these counterclaims are not legally

cognizable under Pennsylvania law[1], have been inadequately pled, or are barred by the terms of the franchise agreements. For the reasons set forth below, the motion will be denied.

I.    BACKGROUND

        Plaintiffs filed suit in September of 2005 alleging that defendants breached various Franchise Agreements, Product Sales Agreements, Promissory Notes, and Subleases by failing to make requirement payments under them.  Plaintiffs contend that more than $1.6 million is owed under these agreements.  Prior to filing an answer to the complaint, defendants filed a separate action in the Court of Common Pleas of Allegheny County, Pennsylvania alleging that plaintiffs had breached these same agreements, and had engaged in misrepresentation and tortious interference in the course of the franchise relationship.  That case was removed to this court and then consolidated with the instant action.

        The pending motion for judgment on the pleadings seeks to dispose of the claims originally brought by defendants against plaintiffs in state court.    For purposes of the motion, all parties have referred to these state law claims as the

---

[1]    There is no dispute that Pennsylvania law applies to the state law claims, and this court independently finds that it is the appropriate law to apply.

2

"counterclaims" in this federal case.   We will do the same.
Defendants assert as counterclaims the following: Count I -
Breach of Contract and Breach of the Implied Duty of Good Faith
and Fair Dealing; Count II - Fraudulent Inducement/Negligent
Misrepresentation; and Count III - Tortious Interference.


II.   <u>STANDARD OF REVIEW</u>

A Rule 12(c) motion is designed to provide a means of
disposing of cases when the material facts are not in dispute and
judgment on the merits may be achieved by focusing on the content
of the pleadings and any facts of which the court may take
judicial notice.   <u>See</u> 5C Charles Alan Wright & Arthur R. Miller,
<u>Federal Practice & Procedure</u> § 1367 (3d ed. 2004).   A motion for
judgment on the pleadings may be made at any time after the
pleadings are closed.   Unlike a motion under Rule 12(b), a motion
under Rule 12(c) theoretically is directed toward a determination
of the substantive merits of the controversy and consequently,
such motion should be granted only where it is clear that the
merits of the controversy can be fairly and fully decided in such
a summary manner.   <u>Shelly v. Johns-Manville Corp.</u>, 798 F.2d 93,
94 (3d Cir. 1986).

In ruling on a Rule 12(c) motion, the court is required to
view the allegations of the complaint as true and the facts
presented in the pleadings and the inferences to be drawn

therefrom in the light most favorable to the nonmoving party. Soc'y Hill Civic Ass'n v. Harris, 632 F.2d 1045, 1054 (3d Cir. 1980).


III.   DISCUSSION

A.   Count I - Breach of Contract

Plaintiffs contend that judgement on the pleadings is proper as to defendants' breach of contract counterclaim for two reasons: first, because defendants have failed to identify the contractual provisions allegedly breached; and second, because Pennsylvania does not recognize a cause of action for breach of the duty of good faith and fair dealing. We find that neither reason justifies entry of judgment on the pleadings.

Defendants have specifically alleged that plaintiffs have breached the various agreements by, at least, misusing the advertising fund monies and wrongfully terminating their franchise. Therefore, judgement on the pleadings on the ground that defendants have failed to allege what contractual provisions have been breached would be improper.

We also decline to enter judgment on the pleadings on the ground that Pennsylvania does not recognize a cause of action for breach of the duty of good faith and fair dealing. We have already stated in a different case brought by GNC against another franchisee, that it would be improper, and unnecessary, to rule

4

on the "complicated and novel question of whether Pennsylvania law would recognize an independent cause of action by a franchisee against a franchisor for breach of the covenant of good faith and fair dealing." GNC Franchising, Inc. v. Tim O'Brien, et al., Civ. Action No. 05-0270, Docket No. 43, at pp. 2-3; Docket No. 51, at pp. 4-5 (W.D. Pa. 2006). We rely on, and incorporate, our reasoning and analysis in the O'Brien case here to support our conclusion that judgement on the pleadings on this basis would also be improper in this case. Id., Docket No. 43, at pp. 18-26.

## B. Count II - Fraudulent Inducement/Negligent Misrepresentation

Plaintiffs contend that judgment on the pleadings is proper on defendants' fraudulent inducement/negligent misrepresentation counterclaim for four reasons: first, because a general release bars the claim; second, because defendants have failed to allege proximate injury; third, because the gist of the action doctrine bars the claim; and fourth, because a merger clause bars the claim. We find that none of these grounds supports entry of judgment on the pleadings.

First, we conclude that defendants have sufficiently pled injury for this claim. They are the subject of a $1.6 million lawsuit and have lost their business as a result of their franchise relationship with plaintiffs. Defendants have alleged

5

harm resulting from their entry into a franchise relationship with plaintiffs.

We will not address, at this procedural juncture, how the gist of the action doctrine would apply in this case, and again refer to our analysis and reasoning in O'Brien. GNC Franchising, Inc. v. Tim O'Brien, et al., Civ. Action No. 05-0270, Docket No. 43, at pp. 8-18, Docket No. 51, at pp. 2-3 (W.D. Pa. 2006). The act of providing false information as to how a lawsuit with another franchisee was resolved in an offering circular appears to be separable, and distinct, from any of the obligations under or promises made in the written agreements. For the same reasons as those advanced in O'Brien, we will not enter judgment on the pleadings on this ground either.

We also decline to rule, on the record currently before the court, on whether the general release and merger clauses apply. We are simply not convinced that the clauses are enforceable and applicable on the facts as we currently know them. Thus, will not rule on these matters until a fully developed factual record, and detailed legal briefing on the issues, are presented to the court.

C.  <u>Count III - Tortious Interference</u>

Finally, plaintiffs contend that judgment on the pleadings is appropriate on the tortious interference counterclaim because defendants have failed to allege each of the elements of a tortious interference claim.  However, plaintiffs go beyond their argument regarding the insufficiency of defendants' pleadings to attack the ultimate legal, and factual, merit of defendants' claim.  For instance, plaintiffs allege that the tortious interference claim is insufficient because plaintiffs were justified, or privileged, to interfere.  This ultimate determination must be made on a fully developed factual record.

Upon review of defendants' pleadings, which is the appropriate standard in this procedural posture, we find that defendants have specifically alleged each of the elements of a tortious interference claim, namely, the absence of privilege; the contracts that have been interfered with, <u>i.e.</u>, the agreements, and potential agreements, with third-party product vendors; the nature of plaintiffs' interference; and how that interference harmed their business.  We will not enter judgment on the pleadings as to the tortious interference counterclaim on the ground that it has been inadequately pled.

IV. <u>CONCLUSION</u>

For the foregoing reasons, plaintiffs' motion for judgment on the pleadings will be denied. An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

GNC FRANCHISING, LLC, et al.        )
        Plaintiffs,                 )
                                    )
    v.                              )   Civil Action No. 05-1341
                                    )
SOHAIL KHAN, et al.                 )
        Defendants.                 )
                                    )

ORDER

Therefore, this _16_ day of December, 2006, IT IS HEREBY
ORDERED that Plaintiff's Motion for Judgment on the Pleadings
[doc. no. 30] is DENIED.

BY THE COURT:

_____, J.

cc:    All Counsel of Record

9